# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SCHANEIQUA MARIE WRIGHT | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-2176-S |
| | § | |
| C. R. BARD, INC., et al. | § | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant C. R. Bard, Inc.'s and Bard Peripheral Vascular, Inc.'s (collectively, "Defendants") request for application of Arizona law for purposes of assessing exemplary damages, if any, as asserted in Defendants' May 24, 2021 oral motion for judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure. For the reasons stated herein and on the record during the May 25, 2021 trial proceedings, the Court **DENIES** the Motion as to this request and finds that Texas law governs Plaintiff's claim for exemplary damages.

### I.  LEGAL STANDARD

Neither party disputes that Texas choice-of-law principles apply here. *See Mayo v. Hartford Life Ins. Co.*, 354 F.3d 400, 403 (5th Cir. 2004) (noting that when making a choice-of-law determination, "a federal court exercising diversity jurisdiction must apply the choice of law rules of the forum state"); *see also Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 491 (1941) ("the federal court is bound to decide [a choice-of-law question] according to the law of conflicts of the State in which it is sitting"). Before a court can engage in a substantive choice-of-law analysis, however, it must "first determine if the laws are in conflict." *Playboy Enters. v. Sanchez-Campuzano*, 519 F. App'x 219, 225 (5th Cir. 2013) (per curiam); *see also Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 419 (Tex. 1984). Only if an actual conflict exists should the Court proceed with assessing which state's substantive law should apply. *See Playboy Enters.*, 519 F.

App'x at 225 ("If the result would be the same under the laws of either jurisdiction, there is no need to resolve the choice-of-law question.").

If an actual conflict exists, under Texas choice-of-law rules, courts must apply the "most significant relationship" test set forth in the Second Restatement of Conflict of Laws ("Second Restatement") to ascertain the governing authority. *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 727 (5th Cir. 2003); *accord Hughes Wood Prods., Inc. v. Wagner*, 18 S.W.3d 202, 205 (Tex. 2000). In the context of tort cases, Texas courts consider the four factors enumerated in Section 145 of the Second Restatement to determine which state has the "most significant relationship to the occurrence and the parties." *Gutierrez v. Collins*, 583 S.W.2d 312, 319 (Tex. 1979). These factors are:

(a) the place where the injury occurred;

(b) the place where the conduct causing the injury occurred;

(c) the domicile, residence, nationality, place of incorporation and place of business of the parties; and

(d) the place where the relationship, if any, between the parties is centered.

*Id.* (quoting Second Restatement § 145 (1971)). These contacts are evaluated according to their relative importance with respect to the particular issue before the court. *Spence v. Glock, Ges.m.b.H*, 227 F.3d 308, 312 (5th Cir. 2000). The quality of the Section 145 contacts is more important than the number of contacts favoring the application of one state's law or another. *Gutierrez*, 583 S.W.2d at 319.

For personal injury cases, specifically, Section 146 of the Second Restatement establishes a presumption that the law applicable to whether conduct is tortious "will usually be the local law of the state where the injury occurred." *Perez v. ZTE (USA), Inc.*, No. 3:18-CV-2948-B, 2020 WL 3798865, at *3 (N.D. Tex. July 6, 2020); *see also Huddy v. Fruehauf Corp.*, 953 F.2d 955, 957

(5th Cir. 1992) (noting that the location of injury is an "important factor" in determining the most appropriate law to apply). This presumption is overcome only when analysis of the Section 145 factors strongly suggests that a different state has a more significant relationship to the issue in question.

A court conducting a substantive choice-of-law analysis must consider the Section 145 factors in light of the general choice-of-law principles enumerated in Section 6 of the Second Restatement. *Spence*, 227 F.3d at 312. The Section 6 principles are:

(a) the needs of the interstate and international systems;

(b) the relevant policies of the forum;

(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue;

(d) the protection of justified expectations;

(e) the basic policies underlying the particular field of law;

(f) certainty, predictability and uniformity of result; and

(g) ease in the determination and application of the law to be applied.

*Id.* (quoting Second Restatement § 6); *accord Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 442–43 (Tex. 2007).

When determining which state's law applies for purposes of damages, the Fifth Circuit, interpreting Texas law, has acknowledged that "the law selected by . . . § 145 [of the Second Restatement] determines the measure of damages." *Ashland Oil, Inc. v. Miller Oil Purchasing Co.*, 678 F.2d 1293, 1305 (5th Cir. 1982) (quoting Second Restatement § 171). This rule extends to choice-of-law determinations in the context of exemplary damages. *See id.* ("[T]he rule of § 145 determines the right to exemplary damages"); *see also* Second Restatement § 171, comment d

(adding that "[t]he law governing the right to exemplary damages need not necessarily be the same as the law governing the measure of compensatory damages").

## II. ACTUAL CONFLICT

Here, the Court finds that Texas law actually conflicts with Arizona law on the issue of exemplary damages. Arizona law forecloses exemplary damages if "[t]he product alleged to have caused the harm was designed, manufactured, packaged, labeled, sold or represented in relevant and material respects according to the terms of a[] . . . clearance . . . of a government agency." A.R.S. § 12-689. The Recovery Filter received 510(k) clearance from the FDA, therefore the Arizona statute bars exemplary damages. *Accord McMahill v. C R Bard Inc*, No. CV 2017-000927, 2019 WL 4899720, at *4 (Ariz. Super. July 23, 2019) (finding that the "undisputed evidence shows that the Meridian filter received clearance from the FDA. As a result, the statute bars plaintiff's claim for punitive damages.").

Texas law, on the other hand, does allow for exemplary damages if Plaintiff can show "by clear and convincing evidence that the harm with respect to which [she] seeks recovery of exemplary damages results from (1) fraud; (2) malice; or (3) gross negligence." TEX. CIV. PRAC. & REM. CODE § 41.003. As Plaintiff has alleged gross negligence in her Short Form Complaint [ECF No. 1] and in the May 26, 2021 Joint Amended Pretrial Order [ECF No. 366], Texas law permits recovery of exemplary damages.

Given this actual conflict in assessing exemplary damages between the laws of Arizona and Texas, the Court must proceed with the substantive choice-of-law analysis provided under the Second Restatement to determine which state's law applies.

4

### III. SECOND RESTATEMENT

Because this is a personal injury case, the Second Restatement's presumption under Section 146 applies. *Perkins v. Dynasty Grp. Auto*, No. 08-01-00493-CV, 2003 WL 22810452, at *3 (Tex. App.—El Paso Nov. 25, 2003, no pet.). And under this presumption, the law of the place of Plaintiff's injury—i.e., Texas—should govern unless a different state bears a more significant relationship to the issue of exemplary damages.

The Court finds that the Section 145 factors favor the application of Texas substantive law. Plaintiff's injury occurred in Texas. Although the Recovery Filter was developed in Arizona and the warnings it carried were also written in Arizona, it is undisputed that the Recovery Filter was actively marketed in Texas, sold in Texas, and the warnings to Plaintiff's implanting physician were provided to him in Texas. Moreover, among the grounds for Plaintiff's claim for gross negligence (upon which her claim for exemplary damages is predicated) are interactions, which occurred in Texas, between Texas-based Bard representatives and Plaintiff's implanting physician regarding the purported risks of the Recovery Filter. *See* Pl's. Trial Br. 8 [ECF No. 352]. And while the Court notes that Arizona may be the more significant jurisdiction for purposes of Plaintiff's design defect claim, *see Perez v. Lockheed Corp. (In re Air Disaster at Ramstein Air Base, Ger.)*, 81 F.3d 570, 577 (5th Cir. 1996) (acknowledging that the state where a defective product is designed and manufactured is generally the place of conduct causing the injury), district courts in this Circuit have conversely given more weight in defective warning cases to the place where the product was sold and the warning occurred. *See, e.g., In re Norplant Contraceptive Prods. Liab. Litig.*, 215 F. Supp. 2d 795, 818–21 (E.D. Tex. 2002) (place of injury-causing conduct for failure-to-warn purposes was where the product was used); *McGinnis v. Eli Lilly & Co.*, 181 F. Supp. 2d 684, 690 (S.D. Tex. 2002) (rejecting argument that place of injury-causing conduct was where decisions regarding the warning were made). And while the domicile of the parties is,

on the whole, a neutral factor (as Plaintiff and Defendants are domiciled in Texas and Arizona, respectively), the final Section 145 factor regarding the place where the relationship between the parties is centered, for the same reasons described above, weighs heavily in favor of Texas.

Consideration of the choice-of-law principles in Section 6 of the Second Restatement confirms that Texas bears the most significant relationship for purposes of exemplary damages in this case. As to the relevant policies of the forum, of other interested states and the relative interests of those states, and the basic policies underlying the particular field of law, *see* Second Restatement § 6(b)-(c), (e), the Court finds that while Arizona may have some interest in regulating the conduct of companies designing and manufacturing products there, Texas has an equally strong—if not stronger—interest in protecting its domiciliaries from injury, as well as deterring unlawful conduct in Texas by imposing exemplary damages. *See Bennett v. Grant*, 525 S.W.3d 642, 650 (Tex. 2017) ("As an overarching premise, exemplary damages further the state's interest in punishing and deterring unlawful conduct."); *Toyota Motor Co. v. Cook*, 581 S.W.3d 278, 291 (Tex. App.—Beaumont 2019, no pet.) (noting that "[p]unitive damages are inexorably linked to a jurisdiction's laws pertaining to liability and what is 'unlawful' in a particular jurisdiction," and applying the same jurisdiction's law for punitive damages as for liability because conduct-regulating rules "necessarily implicate punitive damages").

Regarding the system-related concerns outlined in the Second Restatement Sections 6(a), (f)-(g), the Court finds that the application of Texas law to the issue of exemplary damages bears no risk of uncertain, unpredictable, or inconsistent results. Finally, application of Texas law on the issue of exemplary damages protects the justified expectations of the parties. *See* Second Restatement § 6(d). Indeed, Defendants should reasonably expect to be subject to the conduct-

regulating laws of the states in which they market their filters, and Plaintiff (as a Texas domiciliary) has a justified expectation to retain the protections of Texas exemplary damages rules.

## IV. CONCLUSION

In sum, upon consideration of the presumption and factors set forth under Sections 145, 146, and 6 under the Second Restatement, the Court finds that the state with the most significant relationship to the issue of exemplary damages is Texas, not Arizona. Accordingly, the Court finds that Texas law applies for purposes of assessing exemplary damages, and Defendants' Motion for Judgment as a Matter of Law is **DENIED** in this regard.[1]

**SO ORDERED.**

SIGNED May 27, 2021.

*/s/ Karen Gren Scholer*

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court notes that other district courts in this Circuit analyzing the same issues in factually analogous contexts have reached the same result. *See, e.g., Isaac v. C. R. Bard, Inc.*, No. A-19-CV-895-LY, 2021 WL 1177882, at *10 (W.D. Tex. Mar. 29, 2021) (applying the Second Restatement factors to conclude that Texas law should govern on the issue of exemplary damages, rather than Arizona law).